UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARGARET LESSEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:22-cv-00173 |
| ) | |
| DAVID & TERRY TRUCKING, LLC, ) | |
| TYLER MILLER, ) | |
| AA EXPRESS & LOGISTICS, LLC, ) | |
| And ENVER HUKIC, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Comes now the Plaintiff, Margaret Lessel, by counsel, and for her complaint for damages against Defendants, David & Terry Trucking, LLC, Tyler Miller, AA Express & Logistics, LLC and Enver Hukic, alleges and states as follows:

1. This Court has jurisdiction of this case pursuant to 28 U.S. Code § 1332.

2. Venue is proper in the Southern District of Indiana, Indianapolis Division, pursuant to 28 U.S. Code § 1391(b), which allows for an action to be brough in the district in which the cause of action arose. This cause of action arose in Henry County, Indiana, which is in the Southern District of Indiana, Indianapolis Division.

3. Plaintiff, Margaret Lessel, is a resident of Chesterfield, Missouri.

4. Defendant, David & Terry Trucking, LLC (hereinafter "DT Trucking") is an Ohio limited liability company whose headquarters are located at 7874 St. RT 530, Lower Salem, Ohio.

5. DT Trucking is a federal motor carrier engaged in the business of transporting goods in interstate commerce for hire.

6. During all times pertinent hereto, DT Trucking was authorized to operate in the State of Indiana.

7. All acts and omissions of DT Trucking herein alleged were performed or omitted by employees, agents and/or representatives of DT Trucking while they were acting within the course and scope of their employment with DT Trucking.

8. Defendant Tyler Miller (hereinafter "Miller") is a resident of Stockport, Ohio, and at all times pertinent hereto was an employee and/or agent of DT Trucking.

9. Defendant AA Express & Logistics, LLC (hereinafter "AA Express") is a Missouri limited liability company whose headquarters are located at 433 Thatcher Avenue, Saint Louis, Missouri.

10. AA Express is a federal motor carrier engaged in the business of transporting goods in interstate commerce for hire.

11. All acts and omissions of AA Express herein alleged were performed or omitted by employees, agents and/or representatives of AA Express while they were acting within the course and scope of their employment with AA Express.

12. Defendant Enver Hukic (hereinafter "Hukic") is a resident of St. Louis, Missouri, and at all times pertinent hereto was an employee and/or agent of AA Express.

13. At the time of the events described herein, there existed in Henry County, Indiana an interstate known as I-70 which runs in an easterly and westerly direction.

14. On February 26, 2020, at approximately 6:37 p.m., the Plaintiff was operating a motor vehicle on I-70.

15. At the same time, Miller was operating a DT Trucking commercial motor vehicle in a westerly direction behind the Plaintiff when he struck the Plaintiff's vehicle.

16. At the same time, Hukic was operating an AA Express commercial motor vehicle in a westerly direction behind Miller when he also struck the Plaintiff's vehicle.

17. As a direct result of one or both of the collisions, the Plaintiff's vehicle spun and struck the cable barrier.

18. DT Trucking, by and through its agent, representative and/or employee Tyler Miller, was careless and negligent in one or more of the following ways:

   a. Miller careless and negligently failed to use the care an ordinarily careful person would use under the same or similar circumstances;

   b. Miller carelessly and negligently failed to keep his vehicle under proper control so as to avoid striking Margaret Lessel' vehicle;

   c. Miller carelessly and negligently failed to maintain a proper lookout for other vehicles using the roadway, including the vehicle operated by Margaret Lessel;

   d. Miller carelessly and negligently failed to apply the brakes of his vehicle in time to avoid a collision with Margaret Lessel' vehicle;

   e. Miller failed to change, alter or divert the course of his vehicle to avoid a collision with the vehicle being operated by Margaret Lessel;

   f. Miller carelessly and negligently disregarded a signal and/or regulatory sign;

   g. Miller carelessly and negligently operated his vehicle at a dangerous and excessive rate of speed under the circumstances; and

19. Additionally, DT Trucking was careless and negligent in one or more of the following ways:

a. DT Trucking negligently and carelessly failed to properly hire, select, train, supervise, and/or retain its drivers, including, but not limited to, Miller;

b. DT Trucking negligently and carelessly put or allowed to remain on the road unqualified and/or reckless drivers, including, but not limited to, Miller;

c. DT Trucking negligently and carelessly failed to screen and test its drivers periodically to monitor and evaluate their safety orientation, including, but not limited to, Miller;

d. DT Trucking negligently and carelessly failed to develop, promulgate, adopt, and/or implement safety policies, procedures, and practices for its drivers, including, but not limited to, Miller;

e. DT Trucking negligently and carelessly permitted, allowed, and/or failed to stop its drivers, including, but not limited to, Miller, from violating state and federal statutes and regulations, including, but not limited to, Ind. Code § 8-2.1-24-18 and the Federal Motor Carrier Safety Regulations, 49 C.F.R. §§ 40, 350-399;

f. DT Trucking negligently and carelessly failed to provide periodic systematic safety and/or defensive driving training for its drivers, including, but not limited to, Miller;

g. DT Trucking negligently and carelessly failed to provide remedial training of its drivers, including, but not limited to, Defendant, Miller; and

h. DT Trucking negligently entrusted its vehicle to Miller.

20. In the event that Tyler Miller was not acting within the course and scope of his employment with DT Trucking at the time of the collision described herein, Tyler Miller, individually, was careless and negligent in one or more of the following ways:

    a. Miller careless and negligently failed to use the care an ordinarily careful person would use under the same or similar circumstances;

    b. Miller carelessly and negligently failed to keep his vehicle under proper control so as to avoid striking Margaret Lessel' vehicle;

    c. Miller carelessly and negligently failed to maintain a proper lookout for other vehicles using the roadway, including the vehicle operated by Margaret Lessel;

    d. Miller carelessly and negligently failed to apply the brakes of his vehicle in time to avoid a collision with Margaret Lessel' vehicle;

    e. Miller failed to change, alter or divert the course of his vehicle to avoid a collision with the vehicle being operated by Margaret Lessel;

    f. Miller carelessly and negligently disregarded a signal and/or regulatory sign;

    g. Miller carelessly and negligently operated his vehicle at a dangerous and excessive rate of speed under the circumstances; and

21. AA Express, by and through its agent, representative and/or employee Enver Hukic, was careless and negligent in one or more of the following ways:

    a. Hukick careless and negligently failed to use the care an ordinarily careful person would use under the same or similar circumstances;

    b. Hukic carelessly and negligently failed to keep his vehicle under proper control so as to avoid striking Margaret Lessel' vehicle;

    c. Hukic carelessly and negligently failed to maintain a proper lookout for other vehicles using the roadway, including the vehicle operated by Margaret Lessel;

    d. Hukic carelessly and negligently failed to apply the brakes of his vehicle in time to avoid a collision with Margaret Lessel' vehicle;

  e. Hukic failed to change, alter or divert the course of his vehicle to avoid a collision with the vehicle being operated by Margaret Lessel;

  f. Hukic carelessly and negligently disregarded a signal and/or regulatory sign;

  g. Hukic carelessly and negligently operated his vehicle at a dangerous and excessive rate of speed under the circumstances; and

22. Additionally, AA Express was careless and negligent in one or more of the following ways:

  a. AA Express negligently and carelessly failed to properly hire, select, train, supervise, and/or retain its drivers, including, but not limited to, Hukic;

  b. AA Express negligently and carelessly put or allowed to remain on the road unqualified and/or reckless drivers, including, but not limited to, Hukic;

  c. AA Express negligently and carelessly failed to screen and test its drivers periodically to monitor and evaluate their safety orientation, including, but not limited to, Hukic;

  d. AA Express negligently and carelessly failed to develop, promulgate, adopt, and/or implement safety policies, procedures, and practices for its drivers, including, but not limited to, Hukic;

  e. AA Express negligently and carelessly permitted, allowed, and/or failed to stop its drivers, including, but not limited to, Hukic, from violating state and federal statutes and regulations, including, but not limited to, Ind. Code § 8-2.1-24-18 and the Federal Motor Carrier Safety Regulations, 49 C.F.R. §§ 40, 350-399;

    f. AA Express negligently and carelessly failed to provide periodic systematic safety and/or defensive driving training for its drivers, including, but not limited to, Hukic;

    g. AA Express negligently and carelessly failed to provide remedial training of its drivers, including, but not limited to, Defendant, Hukic; and

    h. AA Express negligently entrusted its vehicle to Hukic.

23. As a direct and proximate result of the negligence of the Defendants, the Plaintiff sustained personal injuries.

24. As a direct and proximate result of her injuries and the effects upon her, the Plaintiff, Margaret Lessel, has experienced, and will experience in the future, physical pain and mental suffering.

25. As a direct and proximate result of her injuries and the effects upon her, the Plaintiff, Margaret Lessel, in order to attempt to treat her injuries and lessen her physical pain, has been required to engage the services of medical providers for medical treatment, and has incurred reasonable medical expenses as a result.

26. As a direct and proximate result of his injuries and the effects upon her, the Plaintiff Margaret Lessel will require additional medical care and will incur additional medical expenses in the future.

27. At the time of this collision, the Plaintiff, Margaret Lessel, was gainfully employed and as a direct and proximate result of her injuries, has been forced to miss work and will miss additional work in the future, thereby incurring a loss of wages.

## JURY DEMAND

28. Plaintiff requests a trial by jury.

WHEREFORE, Plaintiff, Margaret Lessel, prays for judgment against the Defendants in an amount commensurate with her injuries, for the costs of this action, and for all other just and proper relief.

          Respectfully submitted,

          **CHRISTIE FARRELL LEE & BELL, P.C.**

          By: */s/ Kyle L. Christie*
             Kyle L. Christie - #31261-49
             Attorney for Plaintiff, Margaret Lessel

**CHRISTIE FARRELL LEE & BELL, P.C.**
951 N. Delaware Street
Indianapolis, Indiana 46202
kyle@cflblaw.com